Daniel, J.
 

 The complainants are a part of the next of kin of Samuel McCraw, (who died intestate in the year 1819,) and they have filed this bill against the administrator and the rest of the next of kin, for a distribution of the personal estate of the intestate, which personal estate the plaintiffs charge to consist of the slaves Brice, Judy and her children, now in the possession of the administrator Davis. The intestate, by his father’s will, was entitled to the said
 
 *621
 
 slaves and a tract of land worth $2000, after the death of his mother; his mother died in the year 1836. The bill charges, that James McCraw, the brother of the intestate, obtained from him a bill of sale for Judy, on the 22d day of March, 1817, and another bill of sale for Brice, on the 12th day of December 1818, and a bond for title to the tract of land on the 26th day of June, 1818. James McCraw died intestate before the year 1830, and the defendant, William Davis, is also his administrator, and the other defendants aro his children. The bill states, that at tho time the aforementioned deeds were executed, Samuel McCraw had not a mind sufficient to contract, it having been destroyed by a long course of intoxication from ardent spirits, and that the said deeds were taken by James McCraw without any consideration, or that they were taken only to cover some small advances made by him in discharging debts for his brother Samuel. The bill prays, that the bills of sale may be declared void, or that they be declared securities only, for the small sums advanced by James McCraw for his brother, and that the residue of the property be decreed to be distributed among the next of kin. The answer admits all the statements in the bill, except the charge that Samuel McCraw was mentally incapable to contract at the dates of the bills of sale of the slaves, and the charge that they were executed without consideration, or that they were taken by James McCraw as a security for advances made by him to his brother. The defendants state that they believe that the vendor then had a mind capable
 
 to contract, and
 
 that
 
 the deeds
 
 were executed by hini absolutely, and
 
 bona fide
 
 for a valuable consideration. There is a replication to this answer. The evidence in the cause is voluminous, and in some points contradictory. We have looked through the whole of it, and on the point first made, (mental incapacity in Samuel McCraw to contract at the limes the bills of sale for the slaves were executed,) we think that ■his mind then was reduced to the very lowest extreme of weakness, from a long course ot intoxication and an excessive use of ardent spirits; he was frequently .in fits, in con
 
 *622
 
 sequence of his drinking. He was in such a weak state oj; mind, that McCraw had just before expressed his fear, tba some person or other would cheat him out of his property. Secondly, as to the consideration given for the slaves. Upon this point we have no proofs upon which we can rely.— There is no evidence that money was paid or secured to be paid by James to Samuel, as a consideration for these claims. The defendant Davis, the administrator both of Samuel and James, produces several notes of the former to the latter, some dated before these transactions, and some bearing date after these transactions, and several evidences of debt of Samuel, purporting to have been paid by James, but there is nothing to shew that these constituted the consideration or any part of the consideration for the slaves, or how much was truly due thereon. It is in evidence that James had the entire confidence of his brother Samuel, and had great influence over him. The vendee, standing in the above relation to the feeble minded vendor, who had just arrived at full age, strips him of his entire patrimony in both land and slaves, worth somewhere about $>2700, and he does not shew what he paid therefor. There appears to us, to have been both an absence of judgment in the person making the deeds, and a degree of unfairness in the person accepting them. We therefore think, that they cannot stand for any thing more than a security for Samuel McCraw. See Sir Wm. Grant’s observations,
 
 Cooke
 
 v
 
 Clayworth,
 
 18 Ves. 17, In
 
 Dunage
 
 v
 
 White,
 
 1 Swanst 137, the court-refused to carry into-eflect a deed of arrangement between the members of a family, principally on the ground that one of the parties was an habitual drunkard, and was ignorant and incapable of understanding his legal rights without professional assistance, although he was sober at the particular time of executing the deed, -the deed shewing on the face of it that his rights were therein misrepresented.- — . See also to the same point, Drewey on Injunctions,-19, 20. There must be a reference to ascertain the payment.or advances made .by James McCraw to Samuel
 
 *623
 
 McCraw, for which the administrator of James holds the said negroes as a security.
 

 Per Curiam.. Decree accordingly.